(No. 5884—

IRMA G. YOUNGMAN, Claimant, *vs.* STATE OF ILLINOIS, ILLINOIS NATIONAL GUARD, and WILFRED D. SCHUMM, Respondent.

*Opinion filed May 31, 1977.*

WILLIAM D. HANAGAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

The claim for damages in this matter was filed by Claimant as a result of an automobile accident which occurred on May 12, 1970. The accident in question took place in the City of Mt. Vernon, near 830 Broadway Street.

Claimant's vehicle and Respondent's vehicle were eastbound in two lanes of eastbound traffic. Respondent's vehicle had overtaken Claimant's vehicle immediately after they had both passed through an intersection at which the traffic was controlled by a traffic light. Claimant's vehicle started up from a stopped position and after crossing the intersection, collided with the

right side of Respondent's vehicle which was attempting to change from the left lane to the right lane.

The left front fender of the Claimant's vehicle and the right side of the Respondent's vehicle were involved in the accident. Following the initial impact, Claimant's vehicle collided with the side of a car parked along the right side of the street. At the time of the impact, Claimant alleged she was traveling at approximately 10 to 12 miles per hour, and it appears the Respondent was traveling somewhat faster.

Claimant alleges that she sustained injuries in and about muscles and ligaments in her dorsal and lumbar spine, and that such injuries caused an aggravation of a pre-existing condition.

When the accident happened Respondent's vehicle, a National Guard truck, was returning from Southern Illinois University campus at Carbondale, Illinois, where it had been sent on a State mission to help maintain law and order.

Claimant was treated by local physicians until March 10, 1972, when she went to seen an orthopedic surgeon, Dr. Lee T. Ford, in St. Louis, Missouri. The initial examination showed that she had one-third limitation of the ability to move her back forwards, backwards, and to either side. A mylegram was done on August 12, 1970, and showed a bulge on the lateral on the L4-5 level, a slight root sleeve asymmetry of the first sacral nerve root, and a small defect in the oblique right at the L4-5 level.

Dr. Ford diagnosed a herniated lumbar disc and back sprain. A laminectomy was performed on July 26, 1972, resulting in the removal of bulging disc at the L4-5 level.

The medical specials are as follows:

| | |
|---|---|
| Wabash General Hospital, Mt. Carmel, Ill. | |
| 5/29/70 to 6/6/70 and ............................... | $393.35 |
| 8/10/70 to 8/12/70 ................................... | 120.00 |
| Dr. Ernest Lowenstein, Mt. Carmel, Ill. | |
| 5/26/70 to 10/31/70 ................................. | 220.00 |
| Dr. R. L. Fuller, Mt. Carmel, Ill. | |
| 5/19/70 ............................................. | 7.00 |
| Dr. James M. Franco, Evansville, Ind. | |
| 9/11/70 ............................................. | 25.00 |
| Schultz's Evansville, Ind. | |
| 6/15/70 Lumbo Sacral support ...................... | 13.26 |
| Second support - no receipt .......................... | 13.26 |
| Hadley Pharmacy, Mt. Carmel, Ill. | |
| Drugs, 5/12/70 to 11/70 ............................. | 85.30 |
| Dr. Don Pruitt, Mt. Carmel, Ill. | |
| 9/11/70 ............................................. | 93.00 |
| | $970.17 |

Supplemental Medical specials:

| | |
|---|---|
| Barnes Hospital 3/11/72 to 3/18/72 .................... | $942.00 |
| Barnes Hospital 7/26/72 to 8/5/72 .................... | 1,495.15 |
| Dr. Lee Ford, St. Louis, Mo. ........................ | 738.00 |
| Dr. Ronald Evans, St. Louis, Mo. ..................... | 48.00 |
| | $3,223.15 |

Before recovery can be made by Claimant, she must prove she was in the exercise of due care and caution for her own safety, and that the State was negligent and that such negligence was the proximate cause of the accident.

It is clear from the record in this case that the Claimant was in the exercise of due care, and that she in no way contributed to the accident. It is also apparent that the State was negligent, and that the negligence of the State was the proximate cause of the accident. Claimant was in a proper position in her lane, and the swerving of the truck of Respondent was the cause of the accident.

It appears that as the result of the accident and the

surgical procedures following said accident, Claimant has suffered permanent injury to her back.

It further appears that prior to this accident, Claimant was earning approximately $54.00 per week; but since her accident, due to her physical condition she is no longer able to work.

An award is hereby made to Claimant in the amount of $3,223.15 for medical expenses, $5,000.00 for loss of earnings, and $3,000.00 for pain and suffering, or a total award of Eleven Thousand Two Hundred Twenty-Three And 15/100 Dollars ($11,223.15).